UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EMMANUEL MBUMOMY MPINDA,

    Plaintiff,

v.                                                                                          Case No. 8:25-cv-170-VMC-CPT

UNITED FINANCIAL CASUALTY
COMPANY,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant United Financial Casualty Company's unopposed motion for an examination of Plaintiff Emmanuel Mbumomy Mpinda pursuant to Federal Rule of Civil Procedure 35. (Docs. 29, 33). For the reasons discussed below, the Defendant's motion is granted.

I.

This case stems from an automobile accident that the Plaintiff alleges caused injuries to his cervical, thoracic, and lumbar spine, among other harm. (Docs. 1-2, 29, 33). Given the nature of the Plaintiff's averments, his medical condition is at issue, and the Defendant thus seeks to have him examined by a neurosurgeon, Dr. David Malloy. (Docs. 29, 33).

Rule 35 provides that, upon a motion where good cause is shown, a court may order a party to submit to an examination by a suitably licensed or certified examiner when the party's medical condition is "in controversy." Fed. R. Civ. P. 35(a). Here, as noted, the Plaintiff's medical condition is in dispute, and good cause therefore exists for the requested examination. The Defendant represents that the Plaintiff agrees to this relief. (Docs. 29, 33).

## II.

In light of the circumstances presented, the medical evaluation of the Plaintiff shall proceed pursuant to the below terms and conditions. These terms and conditions are the same as those stipulated to by the parties, except for some non-substantive changes made by the Court. *See* (Doc. 33).

1. The Plaintiff's medical examination shall take place as follows:

   Examiner:                   Dr. David Malloy

   Location of Examination:    ShimSpine
                               309 State Street East
                               Suite 201
                               Oldsmar, FL 34677

   Date of Examination:        July 24, 2025

   Time of Examination:        12:00 p.m.

2. Dr. Malloy shall be allowed to perform a complete neurosurgical examination of the Plaintiff, which shall include all relevant and necessary non-invasive testing and physical assessments. Dr. Malloy may also ask the Plaintiff

questions during the examination regarding the Plaintiff's brief medical history, the mechanism of the alleged injury, the Plaintiff's current complaints pertaining to the injuries he asserts were caused by the subject incident, and any prior or subsequent injuries related to the areas of the Plaintiff's current complaints.

3. At the Plaintiff's option, the examination may be transcribed by a court reporter, as long as the court reporter does not interfere with the examination. A French translator shall also be permitted to attend the examination.

4. The examination shall not be referred to as an "Independent Medical Examination."

5. Defense counsel shall supply Dr. Malloy with all medical records, imaging studies, test results, and the like, which the defense wishes Dr. Malloy to review and to rely upon as part of his examination. The Plaintiff need not bring his own medical records with him.

6. The Plaintiff shall furnish Dr. Malloy with his name, address, and proof of valid identification (e.g. driver's license, official Florida identification card, or government issued passport).

7. Dr. Malloy shall be provided with a copy of the Plaintiff's request and any related Order.

8. The Plaintiff shall arrive thirty (30) minutes before the examination. In the event Dr. Malloy is unable to examine the Plaintiff within thirty (30) minutes of the appointment time, the Plaintiff shall be allowed to leave. Similarly, Dr. Malloy is

not required to wait longer than thirty (30) minutes from the appointment time to conduct the examination.

9. If the Plaintiff does not appear for or cancels the scheduled examination within the time periods specified by Dr. Malloy's disruption fee policy, the incurred disruption fee charged by Dr. Malloy may be sought from the Plaintiff.[1]

10. The Defendant shall supply Plaintiff's counsel with a copy of Dr. Malloy's report containing all findings from the medical examination as soon as practical after the examination and in compliance with all applicable deadlines and any agreed extensions of the examination.

III.

Based upon the foregoing, the Defendant's Rule 35 motion for an examination of the Plaintiff (Doc. 29) is granted.

SO ORDERED in Tampa, Florida, this 23rd day of June 2025.

*[signature: Christopher P. Tuite]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record

---

[1] The Defendant advises in its motion that the parties agreed to another provision, which stated that, upon the filing of a "Motion to Compel Payment of Disruption Fee," the Court would "reserve ruling on any additional sanctions[,] including attorneys' fees expended to collect any disruption fee." (Doc. 33 at 4). The Court declines to adopt this language or to intimate how it may rule on such a request.