UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EMMANUEL MBUMOMY MPINDA,

    Plaintiff,

v.                                              Case No. 8:25-cv-170-VMC-CPT

UNITED FINANCIAL CASUALTY
COMPANY,

    Defendant.
_____/

**O R D E R**

    Before the Court is Defendant United Financial Casualty Company's unopposed motion for an examination of Plaintiff Emmanuel Mbumomy Mpinda pursuant to Federal Rule of Civil Procedure 35, as well as an attendant proposed order filed by the parties.  *See* (Docs. 35, 37).  For the reasons discussed below, the Defendant's motion is granted.

I.

    This case stems from an automobile accident that allegedly caused injuries to the Plaintiff's cervical, thoracic, and lumbar spine, among other harm.  (Docs. 1-2, 29, 33).  Given the nature of the Plaintiff's claimed injuries, the Plaintiff's medical condition is at issue, and the Defendant thus seeks to have him assessed by an orthopedic surgeon, Dr. Steven Mirabello.

Rule 35 provides that, upon a motion where good cause is shown, a court may order a party to submit to an examination by a suitably licensed or certified examiner when the party's medical condition is "in controversy." Fed. R. Civ. P. 35(a). Here, as noted, the Plaintiff's medical condition is in dispute, and good cause therefore exists for the requested medical evaluation. The Defendant represents that the Plaintiff agrees to this relief. (Docs. 35, 37).

## II.

In light of the circumstances presented, a medical assessment of the Plaintiff shall proceed according to the below terms and conditions. These terms and conditions are the same as those stipulated to by the parties, except for some non-substantive changes made by the Court. *See* (Doc. 37).

1. The Plaintiff's medical examination shall take place as follows:

    Examiner:  Dr. Steven Mirabello

    Location of Examination:  Florida Ortho Surgeons, Florida Sports, Orthopedic & Spine Medicine
    3890 Tampa Road, Suite 202
    Palm Harbor, Florida 34684

    Date of Examination:  August 5, 2025[1]

    Time of Examination:  9:00 a.m.

---

[1] Although the Defendant's instant motion and the parties' proposed order reflect an alternative examination date of July 29, 2025, the parties clarified with the undersigned's chambers that the correct date is August 5, 2025.

2. Dr. Mirabello shall be allowed to perform a complete orthopedic examination of the Plaintiff, which shall include all relevant and necessary non-invasive testing and physical assessments. Dr. Mirabello may also ask the Plaintiff questions during the examination regarding the Plaintiff's brief medical history, the mechanism of the averred harm, the Plaintiff's current complaints pertaining to the injuries he asserts were caused by the subject incident, and any prior or subsequent injuries related to the areas of the Plaintiff's current complaints.

3. At the Plaintiff's option, the medical evaluation may be transcribed by a court reporter, provided the court reporter does not interfere with the examination. A French translator shall also be permitted to attend the examination.

4. The medical assessment shall not be referred to as an "Independent Medical Examination."

5. Defense counsel shall supply Dr. Mirabello with all medical records, imaging studies, test results, and the like, which the defense wishes Dr. Mirabello to review and to rely upon as part of his evaluation. The Plaintiff need not bring his own medical records with him.

6. The Plaintiff shall furnish Dr. Mirabello with his name and address, along with a valid form of identification, such as a driver's license, an official Florida identification card, or a government issued passport.

7. Dr. Mirabello shall also be provided with a copy of the Plaintiff's request and any related Order.

8.  The Plaintiff shall arrive at the above designated location thirty (30) minutes before the scheduled evaluation. In the event Dr. Mirabello is unable to examine the Plaintiff within thirty (30) minutes of the appointment time, the Plaintiff shall be allowed to leave. Similarly, Dr. Mirabello is not required to wait longer than thirty (30) minutes from the appointment time to conduct his medical assessment.

9.  If the Plaintiff does not appear for or cancels the scheduled examination within the time periods specified by Dr. Mirabello's disruption fee policy, the incurred disruption fee charged by Dr. Mirabello may be sought from the Plaintiff.

10. The Defendant shall supply Plaintiff's counsel with a copy of Dr. Mirabello's report containing all findings from the examination as soon as practical after the examination and in compliance with all applicable deadlines and any agreed-upon extensions of the examination.

### III.

Based upon the foregoing, the Defendant's Rule 35 motion for a medical examination of the Plaintiff (Doc. 35) is granted.

SO ORDERED in Tampa, Florida, this 17th day of July 2025.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record